# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

| | |
|---|---|
| **JENNIFER UTLEY,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 8:22-cv-2723 |
| v. | ) |
| | ) |
| **BANK OF AMERICA, N.A.,** | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

NOW COMES the Plaintiff, JENNIFER UTLEY, by and through her attorneys, SMITHMARCO, P.C., and for her complaint against the Defendant, BANK OF AMERICA, N.A., Plaintiff states as follows:

### I.   PRELIMINARY STATEMENT

1. This is an action for all damages allowable under the Electronic Funds Transfer Act (hereinafter, "EFTA"), 15 U.S.C. §1693, et seq.

### II.   JURISDICTION & VENUE

2. Jurisdiction arises under the EFTA, 15 U.S.C. §1693m.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III.   PARTIES

4. JENNIFER UTLEY, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Land o' Lakes, County of Pasco, State of Florida.

5. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1693a(6).

6. At all relevant times, Plaintiff had asset accounts in her name with Defendant (hereinafter, "Plaintiff's BANK OF AMERICA, N.A., Accounts"). Plaintiff had a savings account ("hereinafter BANK OF AMERICA, N.A., savings Account" or "savings Account") and a checking account ("hereinafter BANK OF AMERICA, N.A., checking Account" or "checking Account").

7. At all relevant times, Plaintiff's BANK OF AMERICA, N.A., Accounts were established to hold funds used primarily for Plaintiff's personal use and/or household expenditures.

8. At all relevant times, Plaintiff's BANK OF AMERICA, N.A., Accounts were each an "account" as that term is defined by 15 U.S.C. §1693a(2).

9. BANK OF AMERICA, N.A., (hereinafter, "Defendant") is a business entity that conducts business within the State of Florida. Defendant is incorporated in the State of Florida.

10. At all relevant times, Defendant was a bank that held Plaintiff's BANK OF AMERICA, N.A., Accounts.

11. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

12. At all relevant times, Defendant was a "financial institution" as that term is defined by 15 U.S.C. §1693a(9).

13. At all relevant times, unknown third parties received funds from Plaintiff's BANK OF AMERICA, N.A., checking Account, which were transferred to unknown third parties via an electronic terminal, telephonic instruction or computer or magnetic tape after unknown third parties instructed Defendant to transfer funds to unknown third parties from Plaintiff's Bank of America, N.A., Accounts.

### IV. ALLEGATIONS

14. On or about June 29, 2022, $2,600.00 was debited from Plaintiff's BANK OF AMERICA, N.A., savings Account and transferred to Plaintiff's checking Account.

15. On or about June 30, 2022, $1,000.00 was debited from Plaintiff's BANK OF AMERICA, N.A., Account by unknown third parties.

16. On or about June 30, 2022, $1,000.00 was debited from Plaintiff's BANK OF AMERICA, N.A., Account by unknown third parties.

17. On or about June 30, 2022, $400.00 was debited from Plaintiff's BANK OF AMERICA., Account by unknown third parties.

18. A total of $2,400 was debited from Plaintiff's checking Account without her knowledge or authorization.

19. Prior to June 29, 2022, Plaintiff was not aware of the circumstances relating to the debit of funds from Plaintiff's BANK OF AMERICA, N.A., Accounts on June 29, 2022 and June 30, 2022, by unknown third parties.

20. Plaintiff did not provide unknown third parties with consent to debit funds from Plaintiff's BANK OF AMERICA, N.A., Accounts on June 29, 2022 and June 30, 2022.

21. Plaintiff did not provide Defendant with consent for unknown third parties to debit funds from Plaintiff's BANK OF AMERICA, N.A., Accounts on June 29, 2022 and June 30, 2022.

22. Plaintiff did not provide a card, key, or entry device for Plaintiff's BANK OF AMERICA, N.A., Accounts at any time on or before June 29, 2022.

23. On June 30, 2022 upon noticing the missing funds from Plaintiff's BANK OF AMERICA, N.A., Accounts, Plaintiff provided Defendant notice that she disputed the debit of funds by unknown third parties relative to Plaintiff's BANK OF AMERICA, N.A., Account on June 29, 2022 and June 30, 2022.

24. On June 30, 2022, Plaintiff provided Defendant with information to allow Defendant to identity Plaintiff's BANK OF AMERICA, N.A., Account, such as:

    a. Plaintiff's BANK OF AMERICA, N.A., Account number;

    b. Plaintiff's personal identifying information;

    c. The name under which Plaintiff's BANK OF AMERICA, N.A., Account was registered;

    d. The date of the transaction which Plaintiff disputed relative to Plaintiff's BANK OF AMERICA, N.A., Account;

    e. The amount of the transaction which Plaintiff disputed relative to Plaintiff's BANK OF AMERICA, N.A., Account; and,

  f. The transaction reference number relative to the transaction Plaintiff disputed with respect to Plaintiff's BANK OF AMERICA, N.A., Account.

25. On June 30, 2022, Plaintiff provided Defendant with notice that she believed the debit of funds by unknown third parties relative to Plaintiff's BANK OF AMERICA, N.A., Accounts on June 29, 2022 and June 30, 2022 were unauthorized electronic transfers of funds from Plaintiff's BANK OF AMERICA, N.A., Account to unknown third parties.

26. On June 30, 2022, Plaintiff informed Defendant that she did not provide unknown third parties with consent to debit funds from Plaintiff's BANK OF AMERICA, N.A., Account on June 29, 2022 and June 30, 2022.

27. On June 30, 2022, Plaintiff provided Defendant with notice of the circumstances as to why Plaintiff believed the debit of funds by unknown third parties on June 29, 2022 and June 30, 2022, was carried out in error, such as:

  a. Plaintiff never authorized the debit of funds from Plaintiff's BANK OF AMERICA, N.A., Account;

  b. Plaintiff never provided unknown third parties with permission, consent or authority to debit funds from Plaintiff's BANK OF AMERICA, N.A., Account;

  c. As the transactions took place out of an ATM in Katy, TX, Plaintiff could establish she had not been in Katy, TX at the time of the withdrawals, and had no personal connections in Katy, TX whatsoever;

  d. That the transactions were entirely inconsistent with the previous account activity of Plaintiff; and

  e. That Plaintiff never authorized the issuance of an ATM card to any other person who was not an account holder.

28. To date, Defendant has not conducted a sufficient investigation relative to the error complained of by Plaintiff.

29. On or about July 11, 2022, Defendant sent correspondence to Plaintiff advising that it completed its investigation and determined that no fraudulent activity had occurred, and that the transactions were authorized.

30. On or about July 11, 2022 Defendant sent correspondence stating that Plaintiff's claim was denied, in part, because the ATM dispensed the requested amount of money, and thus no error occurred.

31. The correspondence sent to Plaintiff on July 11, 2022 did not advise Plaintiff that she had the right to see any documents or information relied upon by Defendant in coming to its conclusion.

32. To date, Defendant has not sent any correspondence advising Plaintiff that she had the right to see any documents or information relied upon by Defendant in coming to its conclusion.

33. Plaintiff is left not only without her $2,400, but without any knowledge of what may have happened, and what information the bank has in its possession to confirm Plaintiff authorized these transactions, so that Plaintiff could rebut the information and seek to get her funds back.

34. Presently, Plaintiff remains without the $2,400 debited by unknown third parties from Plaintiff's BANK OF AMERICA, N.A., Accounts.

35. Defendant's conduct, as delineated above, was in violation of 15 U.S.C. §1693f(a).

36. Defendant's conduct, as delineated above, was in violation of 15 U.S.C. §1693f(d).

37. Defendant's conduct, as delineated above, was in violation of 15 U.S.C. §1693f(e)(1) as no person could have reasonably concluded that Plaintiff authorized and engaged in the transactions at issue with the information Defendant had in its possession at the time.

38. As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer mental anguish and emotional distress and out-of-pocket damages.

WHEREFORE, Plaintiff, JENNIFER UTLEY, by and through her attorneys, respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendant as follows:

    a. All actual compensatory damages suffered;

    b. Statutory damages allowable under 15 U.S.C. §1693m(a)(2)(A);

    c. Plaintiff's attorneys' fees and costs; and,

    d. Any other relief deemed appropriate by this Honorable Court.

## V. JURY DEMAND

39. Plaintiff hereby demands a trial by jury on all issues so triable.

                                              Respectfully submitted,
                                              **JENNIFER UTLEY**

                                     By:   s/ David M. Marco
                                                Attorney for Plaintiff

Dated: November 29, 2022

David M. Marco
IL Bar No. 6273315/FL Bar No. 125266
SMITHMARCO, P.C.
7204 Kyle Court
Sarasota, FL 34240
Telephone:      (312) 546-6539
Facsimile:   (888) 418-1277
E-Mail:      dmarco@smithmarco.com